IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NIKKO ALLEN JENKINS, | ) | 8:14CV79 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, PETER | ) | |
| BATAILLON, Judge, and DONALD | ) | |
| KLEINE, | ) | |
| | ) | |
| Respondents. | ) | |

## I.  INITIAL REVIEW

Petitioner filed a Petition for Writ of Habeas Corpus on March 5, 2014.  (Filing No. 1.)  The court has conducted an initial review of the Petition to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.

As best as the court can tell, Petitioner alleges in his Petition that he has been denied access to the Douglas County District Court ("state district court") in violation of his First Amendment rights.  Specifically, Petitioner alleges that he was not allowed to file a habeas corpus petition in the state district court because he "fail[ed] to meet a technical requirement."  (*Id.* at CM/ECF p. 1.)  Petitioner asks this court to exercise "imperative authority" over the state district court.  Petitioner also asks this court to "review" his criminal cases currently pending in the state district court.  (*Id.*)  Since filing his Petition, Petitioner has submitted numerous documents as "evidence," including copies of his medical records and other materials relevant to his ongoing criminal proceedings.

After carefully reviewing the Petition, the court finds that Petitioner's claims are not cognizable in a federal court habeas corpus action.  As set forth in 28 U.S.C.

§ 2254, a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, it is clear from Petitioner's filings that he has been charged in the state district court with four counts of first degree murder, the criminal proceedings are ongoing, and the state court has not entered judgment against him. Petitioner may not somehow remove these criminal proceedings to this court. Moreover, this court does not have jurisdiction to oversee ongoing criminal proceedings in the state district court. To the extent Petitioner alleges that he is somehow being denied access to the courts, he must present his claims in a 42 U.S.C. § 1983 action, and not as an action for habeas relief. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

## II. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.    The court determines that the Petition for Writ of Habeas Corpus is not cognizable in a federal court habeas corpus action.  The Petition is dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

2.    All pending motions are denied as moot.

3.    In light of the sensitive nature of the evidentiary materials Petitioner has filed in this matter, the clerk's office is directed not to file any further evidentiary materials unless directed to do so by the court.  Petitioner must move the court for permission to file evidentiary materials in this matter.  Petitioner's motion should describe the material he seeks to introduce and set forth his basis for introducing it, but Petitioner must not attach the evidentiary material to the motion.  If Petitioner attempts to file evidentiary materials in this matter without first seeking leave from the court, those materials will be returned to him as set forth below.

4.    Any future proposed evidentiary materials filed by Petitioner in this matter shall be referred to the Supervising Pro Se Judge for review before filing.  The Supervising Pro Se Judge will review any such tendered materials, and if they fail to comply with this Memorandum and Order and applicable law, they will be returned to Petitioner without filing.  A record of any such submission and return will be maintained in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

5.    A separate judgment will be entered in accordance with this Memorandum and Order.

6.    The Clerk of the court is directed to send to Petitioner the Civil Complaint Form.

7.      A certificate of appealability will not be issued in this case.

DATED this 16th day of April, 2014.

                              BY THE COURT:

                              *Richard G. Kopf*
                              Senior United States District Judge

_____

        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4